### KRUSE *v.* SEEGER & GUERNSEY CO.

*(Common Pleas of New York City and County, General Term.* December 7, 1891.)

1. TROVER AND CONVERSION—SALE OF SAMPLES—WEIGHT OF EVIDENCE.

    In an action for the conversion of goods, claimed by defendant to have been purchased of plaintiff, and alleged by plaintiff to have been furnished as samples, it is not necessary that plaintiff's contention should be established beyond reasonable doubt to support a verdict in his favor.

2. SAME—EVIDENCE.

    In such case, the conversion will be established by showing a sale of the samples by defendant, and a refusal, on demand, to return the same.

3. SAME—INABILITY TO RETURN SAMPLES.

    It is no defense, in such case, that defendant was unable to return the samples by reason of the sale of the same before demand for the return thereof.

    15 N. Y. Supp. 825, affirmed.

Appeal from city court, general term.    Affirmed.

Action by Charles Kruse against the Seeger & Guernsey Company.    From a judgment for plaintiff, defendant appeals.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*Wilmot & Gage,* for appellant.    *A. Walker Otis,* for respondent.

PRYOR, J.    We see no excuse for this appeal.    The disposition of the case at the trial turned upon a pure question of fact, namely, whether the goods converted were sold to defendant, or were delivered as samples on an agreement to return them.    This issue was submitted to the jury upon conflicting evidence, and with a charge which, if not unexcepted to, is certainly unexceptionable.    The judgment and the order denying a new trial having been affirmed at general term, we have no authority to review the evidence or disturb the verdict.    Our jurisdiction extends only to a review of rulings upon questions of law, and of these the appellant recalls three to our attention.

1. Unquestionably, it was incumbent on plaintiff to show title to the goods; and this the jury found he did, upon evidence amply sufficient to sustain the verdict.

2. So whether the samples were to be returned was a question of fact on conflicting evidence; and this issue, too, the jury decided for the plaintiff. Nothing in the written contract prevented parol proof that the transaction was a bailment, and not a sale.    It was for the jury to draw inferences from the facts in evidence, and they were justified in finding an understanding between the parties that the samples were to be returned.    The contention of appellant that, in an action of tort, a verdict for the plaintiff cannot be maintained unless it be supported beyond a reasonable doubt, is plainly untenable.    True, in an action of tort, "it is essential to show a wrongful act on the part of the defendant;" but here the wrongful act alleged, namely, a conversion, was established both by defendant's sale of plaintiff's goods, and by a refusal, on demand, to return them.    Appellant's proposition that its own self-inflicted inability to return the goods expiates the conversion is a legal solecism indeed.

3. We observe no repugnancy in plaintiff's positions,—he does not blow hot and cold,—but from the beginning to the end of the litigation he denied a sale and affirmed a bailment of the goods.    Judgment affirmed, with costs.

All concur.